UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEVEN S. WAGNER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 3896 |
| | ) | |
| ALCOA INC., ALCOA FLEXIBLE PACKAGING, INC., PLASTOFILM INDUSTRIES, INC., ELIZABETH A. FESSENDEN, DENNIS R. JACKSON and JEFF SWOYER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Steven Wagner to remand this case to the Circuit Court of DuPage County. For the reasons set forth below, the motion is granted. In light of this disposition, Defendant Jeff Swoyer's motion to dismiss is dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**

According to the complaint, Wagner is a former employee of Defendant Alcoa, Inc. ("Alcoa"). His tenure with Alcoa spanned 23 years; in the spring of 2004 Wagner began to explore other employment opportunities with Alcoa affiliates. He alleges that

he was led to believe that he would retain the same compensation level and benefit package he enjoyed at Alcoa if he accepted a job with an affiliate. One of the positions he considered was with Defendant Alcoa Flexible Packaging, LLC ("AFP"), an Alcoa affiliate. In June 2004, after several conversations with Defendants Dennis Jackson, Elizabeth Fessenden, and Swoyer, Wagner accepted the job with AFP. He was fired from the position in November of the same year by Jackson and Swoyer.

Wagner alleges that in January 2005, he discovered that the entity who had been employing him was not AFP but Plastofilm Industries, Inc. ("Plastofilm"), a company that was not affiliated with Alcoa. When he moved outside of the Alcoa "family," Wagner had lost his ability to participate in many of Alcoa's benefit programs. He contends that Jackson and Fessenden led him to believe he would retain his participation and entitlement to these benefits after his job change. On June 13, 2006, he sued Alcoa, AFP, Plastofilm, Fessenden, Jackson, and Swoyer in DuPage County, asserting state law claims of fraudulent inducement to accept his new employment, negligent misrepresentation, and breach of the oral employment agreement he contends he had by virtue of his discussions with Swoyer, Fessenden, and Jackson before he switched to his position with AFP. Alcoa, AFP, and Plastofilm were served with the complaint on June 19; they removed the action to this court on July 19. Thereafter,

Wagner moved to remand, challenging the contention that we may properly exercise jurisdiction.

## LEGAL STANDARD

If a civil action filed in state court is one over which the federal district courts have original jurisdiction, the defendant may remove the case to federal court. 28 U.S.C. § 1441. The burden of establishing federal jurisdiction is on the party seeking to invoke it; therefore, when a defendant seeks to remove an action, the burden is on that party to show that an exercise of jurisdiction is warranted. Workman v. United Parcel Serv., Inc., 234 F.3d 998, 999 (7th Cir. 2000). The presence of one claim that can properly be heard by a federal court allows all claims within the case to be heard before that court, pursuant to the supplemental jurisdiction established by 28 U.S.C. § 1367.

## DISCUSSION

The removal petition advanced two jurisdictional bases: federal question jurisdiction under § 502(a) of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1132(a), or diversity jurisdiction. Wagner has challenged each, and we examine them in turn.

**A. Federal Question Jurisdiction**

Claims within the scope of § 502(a) of ERISA can be brought only in federal court, whether the complaint in which they are found invokes the federal statute or not.

Though this is often referred to as complete preemption, it is not true preemption, which would only provide a defense to liability. See Rice v. Panchal, 65 F.3d 637, 640 (7th Cir. 1995). It is well settled that the source of federal subject matter jurisdiction must be found only in the contents of a well-pleaded complaint. See Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152-54, 29 S. Ct. 42, 43-44 (1908). A defense of federal preemption (so-called conflict preemption) would not alter the contents of a complaint and thus would not supply a basis for removal of a case from state to federal court. See Rice, 65 F.3d at 640.[1]

In this case, Wagner asserts that his complaint contains only state-law claims, making removal improper. Defendants contend that Wagner's claims fall within § 502(a)'s scope, making the absence of mention of any federal statute immaterial to the propriety of the removal. To resolve this issue, we must examine Wagner's claims using the three-factor test for § 502(a) claims set forth in Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996). Under this test, Wagner's claims will be governed by § 502(a) no matter how he has pled them if 1) he is eligible to bring a claim under § 502(a) by virtue of being a participant or beneficiary in a plan covered by ERISA, 2) any of his causes of action fall within a provision of ERISA that he could enforce using § 502(a), and 3) his state law claims cannot be resolved without an

---

[1] Several cases upon which Defendants rely premise removal on § 514 of ERISA, codified at 29 U.S.C. § 1144. However, as Rice makes clear, § 514 yields conflict preemption, not complete preemption. 65 F.3d at 640.

interpretation of a contract that is governed by ERISA. See id. A review of the complaint reveals that none of these factors are satisfied.

First, there is no dispute that Wagner was not a participant or beneficiary in Alcoa's benefit plans at the time the injury occurred in this case. He is not seeking to be reenrolled in the benefit plans in which he participated while he was still an employee with Alcoa, nor is he contending that he did not receive benefits in accordance with the plans' provisions. The very nature of his claim is that he was not a plan beneficiary or participant because he was duped into giving up that status. Thus, he was not eligible to bring a § 502(a) claim when he filed suit.

Second, Defendants' contention within their notice of removal that Wagner's causes of action fall within an ERISA provision enforceable through § 502(a) because the claims fall "within the scope of protection of § 502(a)(1)(B)" assumes the very thing that the Jass test is meant to decide. This type of circular argument is insufficient to sustain Defendants' burden to establish that jurisdiction is present here. The issues that must be addressed to resolve Wagner's claims have nothing to do with the plans' administration, clarification of an entitlement to future benefits, a dispute as to the amount of benefits that would be available to him if he were still a participant in Alcoa's benefit plans, or the like. He seeks the monetary equivalent of the worth of

the benefits from a party other than the plan.² Thus, we disagree that the causes of action he advances could be pursued under ERISA.

Finally, the contract at issue in the complaint is not one of any that would establish the rights and duties of the parties vis-à-vis the plans, which would be governed by federal law and thus would fall within the ambit of the third prong of Jass. Rather, it is the alleged oral contract establishing the terms of Wagner's employment with AFP. That is a state law matter, not one that would be governed by ERISA.

Accordingly, we conclude that § 502(a) does not supplant Wagner's state law causes of action such that they can be construed only as federal claims. That means that Defendants' hopes of remaining in federal court rest on their ability to establish that the parties have completely diverse citizenship.

## B. Diversity Jurisdiction

According to Defendants, diversity jurisdiction is present in this case because Wagner's original complaint alleges that Wagner is a citizen of Illinois and the Defendants are citizens of Delaware, Pennsylvania, and Virginia.³ However, after the

---

²This distinguishes Wagner's situation from those of the plaintiff in Smith v. Dunham-Bush, Inc., 959 F.2d 6 (2d Cir. 1992). In Smith, the plaintiff was a participant in a plan and sought to enforce a promise for supplementary benefits and a clarification of his rights under the plan. Smith, 959 F.2d at 7, 11.

³We note that the allegations as to AFP were insufficient for this court to properly assess its citizenship. An LLC's citizenship is determined by the citizenship of its members. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691 (7th Cir. 2003). As a result, a statement such as the one supplied in the notice of

complaint was filed, Wagner discovered that Swoyer had moved to Illinois. While none of the parties have set forth the actual date on which Swoyer's citizenship changed, the lack of a contention from Defendants that it occurred after the filing of the complaint leads us to believe that his change in citizenship predated the initiation of this suit.

Relying upon the general rule that, at preliminary stages of the litigation, a court does not look beyond the four corners of the complaint, Defendants contend that we need not consider Swoyer's actual citizenship because Wagner's complaint alleged that he was a citizen of Virginia. However, where the presence or absence of jurisdiction is at issue, a court may not look only at a plaintiff's allegations if there is reason to suspect that they contain inaccurate information about the basis for jurisdiction, which here would be the citizenship of the parties. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). In light of the apparent agreement that Swoyer is and was an Illinois citizen, we are required to disregard the initial allegation to the contrary. Because Wagner and Swoyer were both citizens of Illinois, complete diversity was not present.

---

removal here, which gives only the state law under which the LLC was formed and the location of its principal place of business, is of no utility. However, since we conclude that diversity is not present regardless of the specifics of AFP's situation, there is no need to explore this issue any further.

Defendants' corollary argument that Swoyer was fraudulently joined deserves only passing mention. It overlooks the fact that Wagner originally alleged that Swoyer was a citizen of Virginia. The theory that a plaintiff would file a state court complaint stating that all parties were diverse with the intention of later short-circuiting diversity jurisdiction in federal court stretches the imagination too thin. In addition, Defendants' contention that the only statements attributed to Swoyer occurred after Wagner took his new position ignores Swoyer's inclusion in ¶¶ 16 and 18 of his complaint, which clearly refer to events that occurred before Wagner decided to go to AFP. These allegations provide the basis for a colorable claim against Swoyer. Consequently, we conclude that we do not have jurisdiction over this case pursuant to 28 U.S.C. § 1332.[4]

**CONCLUSION**

Based on the foregoing, Wagner's motion to remand is granted. In light of our conclusion that we do not have subject matter jurisdiction over this case, we dismiss Swoyer's pending motion to dismiss without any consideration of its merits.

Charles P. Kocoras
United States District Judge

Dated: October 4, 2006

---

[4] Despite our disagreement with Defendants that removal was proper in this case, we do not find that their attempt was objectively unreasonable. As a result, we will not award any fees or costs to Wagner.